UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN SCOTT HILL,

        Petitioner,

                                      Case No. 1:06-CV-416

v.

                                      HON. ROBERT HOLMES BELL

MARY BERGHUIS,

        Respondent.

                               /

# ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING PETITION
## <u>FOR WRIT OF HABEAS CORPUS</u>

On April 6, 2009, Magistrate Judge Ellen S. Carmody filed a Report and Recommendation ("R&R") recommending that Petitioner Brian Scott Hill's 28 U.S.C. § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 20.) The R&R was duly served on the parties. Petitioner filed objections to the R&R on April 16, 2009. (Dkt. No. 21.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b) ; *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the

Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner has raised a general objection that the adjudication of his claim resulted in a decision that was based on an unreasonable determination of the facts. Within this general objection Petitioner contends more specifically that: (a) no physical evidence was entered to prove second degree criminal sexual conduct; (b) the only evidence offered was in the form of testimony, which was rebutted by Petitioner; (c) there were no non-party witnesses to any of the alleged crimes; and (d) because the case was determined on the basis of the credibility of Petitioner and the alleged victim, the State court erred by not allowing Petitioner to admit evidence attacking the credibility of the victim.

Petitioner's first three objections, (a)-(c), challenge the sufficiency of the evidence. Petitioner's fourth objection, (d), challenges the trial court's failure to admit certain impeachment evidence. These arguments are not responsive to the R&R. Neither the sufficiency of the evidence nor this particular evidentiary ruling was addressed in the R&R. Nor should they have been. These arguments were not raised in Petitioner's habeas petition, nor were they exhausted in the state court. Accordingly, Petitioner's contention that the adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts does not raise a cognizable issue for this Court's consideration.

Petitioner has also raised a general objection that the adjudication of his claim was contrary to, or involved an unreasonable application of, clearly established federal law.

Within this general objection Petitioner contends more specifically that Petitioner's attorney provided ineffective assistance of counsel by failing to introduce exculpatory evidence and by failing to object to the hearsay evidence of Amy Schmidt.

As to trial counsel's failure to introduce exculpatory evidence, the Magistrate Judge correctly determined that this issue was not exhausted and was not properly before the Court. Moreover, the Magistrate Judge made an alternative finding that the claim lacked merit because Petitioner failed to establish that he was prejudiced as a result of the failure to introduce this evidence. Petitioner does not dispute the R&R's determination that he failed to show prejudice. Petitioner merely asserts that he is seeking an opportunity to admit exculpatory evidence at a new trial. It is Petitioner burden under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to "affirmatively establish" that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Petitioner has not met this burden.

As to trial counsel's failure to object to the hearsay evidence of Amy Schmidt, the state court concluded that this failure represented trial strategy rather than ineffective assistance. The Court agrees with the R&R that the state court's determination is not contrary to, nor does it involve an unreasonable application of, clearly established federal law, and that it is not an unreasonable determination of the facts in light of the evidence presented. Accordingly,

3

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 21) are **DENIED**.

**IT IS FURTHER ORDERED** that the April 6, 2009, R&R (Dkt. No. 20) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: August 18, 2009                               /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE